John H. Aufderheide *v.* John Frederick Schroeder, S. A. Will, John Alburger and John F. Stoer, trading as Alburger, Stoer & Co., Rodman B. Ellison, John B. Ellison, William R. Ellison and Henry H. Eillison, Copartners as John B. Ellison & Sons, Frederick Schmunk, Third National Bank of Pittsburg, C. F. Hageman and William Hageman, Appellants.

*Promissory notes—Extensions—Deed of real estate as collateral security for notes.*

A deed of real estate recited that the grantee had indorsed for the grantor promissory notes aggregating $7,000, and that the grantee contemplated the indorsement of sundry other notes for the grantor " in renewal or extension of same." The deed provided that upon the grantor's failure " to pay or procure the renewal or extension of any one or more of said notes at any time," the grantee should sell the property and apply the proceeds, after payment of expenses, "to the payment of all unpaid notes, whether due or not." The deed was dated July 5, 1892. Later in the same month the grantor defaulted in payment of two notes aggregating $3,800, which the grantee then paid, and in December, 1892, new notes were made, which the evidence tended to show were renewals of the notes paid in July. When these notes matured, they were renewed by one note for $4,000.

Subsequently various judgments were entered against the grantor. On December 4, 1895, the grantee filed a bill in equity for a decree permitting him to sell the real estate. The court in its findings included the $4,000 as a renewal of notes which formed part of the $7,000 named in the deed. The judgment creditors objected that this note was not an extension of the notes which the grantee had paid in July, 1892. The court entered a decree in accordance with its findings. *Held*, that the decree should be affirmed.

Argued Oct. 21, 1896. Appeal, No. 68, Oct. T., 1896, by defendants, from decree of C. P. No. 1, Allegheny Co , March T., 1896, No. 3, on bill in equity. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for a decree to permit complainant to sell real estate, to pay notes for which the title was held as security.

From the pleadings and proof it appeared that on July 5, 1892, John Frederick Schroeder conveyed to John H. Aufderheide certain real estate in the city of Pittsburg ; the deed containing the following provisions :

" Whereas said John H. Aufderheide has endorsed sundry notes for said John F. Shroeder, and now held by Fifth Avenue Bank of Pittsburg, and in the aggregate amounting to seven thousand ($7,000) dollars. And whereas said Aufderheide contemplates the endorsement of sundry other notes for said Schroeder in renewal or extension of same. Witnesseth that this conveyance is made to said Aufderheide in trust for the following uses and purposes and no others, viz : That until said notes have been all paid or default has been made in any one or more of them, said Schroeder shall have the use and occupancy of said property, said Schroeder to pay all taxes, insurance and repairs thereon, and upon his failure to pay or procure the renewal or extension of any one or more of said notes at anytime, said Aufderheide shall sell the said property herein described on such terms and to such persons and at such price as he may think best, and apply the money, after deducting all expenses, to the payment of all unpaid notes, whether due or not, endorsed by said Aufderheide for said Schroeder, and pay the balance, if any, to said Schroeder. Upon the payment of all of said notes endorsed by said Aufderheide, said Aufder-

heide shall reconvey said property herein described to said Schroeder or his heirs."

On October 12, 1895, Schroeder made a deed of voluntary assignment of all his property, including the house and lot conveyed to Aufderheide, to S. A. Will Esq., for the benefit of his creditors. Prior to the delivery of said deed of voluntary assignment, judgments were entered against said Schroeder in the courts of common pleas of Allegheny county, which were liens upon all his real estate in said county at the time said assignment was made, in favor of the following parties, viz : F. Schmunk, $2,635 ; Third National Bank of Pittsburg, $3,350 ; E. R. Hawkins & Co., $534.25 ; Alburger, Stoer & Co., $2,199.60, and $1,118, respectively, and John B. Ellison & Sons, $2,362.33.

The testimony showed that in July, 1892, Shroeder defaulted in the payment of two notes, one for $2,500 and the other for $1,300, which Aufderheide then paid. In December, 1892, new notes were given which were claimed to be renewals of the notes paid in July. These notes were subsequently renewed by another note for $4,000 dated July 15, 1895, and maturing November 18, 1895. Schroeder failed to pay this note, and on December 4, 1895, Aufderheide filed this bill praying the court to decree that Schroeder had made default in paying said note, or in procuring its renewal or extension ; that the amount, which he be allowed to collect from said property, be fixed, and that he be authorized to sell said property and apply the proceeds, after the payment of costs and expenses of the proceedings, and the amount due him as indorser on said notes, to S. A. Will, assignee of Shroeder, or to such of his creditors as might be entitled thereto.

To this bill the appellants filed an answer admitting all the averments of the bill, except the amount alleged to be due, demanding proof that the proceeds of sale of said property should be applied to the notes referred to in said bill, which in no event can exceed $7,000, and averring that all moneys realized from said property, except so much thereof as might be applied to the payment of such notes as might be shown to be within the terms of the trust, taxes unpaid and costs, should be applied to the aforesaid judgments, in the order in which the same had been entered.

The court filed the following opinion :

1. That the plaintiff is only entitled to sell for such indorsements, renewals, and extensions of notes held by the Fifth Avenue Bank, of Pittsburg, as shall not exceed the sum of $7,000.

2. The amount now due on said indorsements, renewals and extensions is $7,000, to which interest must he added, viz : $1,470, making the whole sum now due $8,470.

3. That the allegations in the fourth paragraph of plaintiff's bill, setting out the list of judgments against Schroeder, and the dates thereof, are true.

4. That on October 12, 1895, Schroeder made a deed of voluntary assignment, including the property conveyed in the deed in this bill, to S. A. Will, Esq., for the benefit of creditors.

5. That the said Schroeder has failed to pay or procure the extension of a certain promissory note for $4,000, upon which the plaintiff is indorser, which note came due on the 18th day of November, 1895 ; and said note was duly protested for non-payment. Said note is a note given in renewal, or extension of another note or notes constituting a portion of said notes amounting to $7,000, named in said deed to plaintiff.

6. That said Schroeder is now in possession of the lot or piece of ground described in plaintiff's bill, and has made default in the payment of the second instalment of city taxes thereon for the year 1895, due in September, 1895, amounting to the sum of $62.85.

It follows therefore from the finding of these facts that the plaintiff is entitled to exercise the power of sale of the real estate described in his deed, according to its provision.

Let a decree be drawn up in accord with these findings and submitted to counsel. A counsel fee of $100 is allowed.

We also think the plaintiff should be allowed to bid at his sale of the property, and it is so ordered.

A decree was entered in accordance with the opinion.

*Errors assigned* were (1, 2) the first and second findings of facts ; (3) the finding that the note of $4,000, maturing November 18, 1895, had been given in renewal or extension of another note or notes, constituting a portion of the notes amounting to

$7,000 named in the deed of trust; (4) in allowing a counsel fee of $100 dollars; (5) decree of the court.

*James R. Sterrett,* with him *James S. Young, S. U. Trent,* for appellants.—The notes given in December were not renewals of the notes paid in July, and complainant is therefore not entitled to have them included among those which are to be paid from the proceeds of the sale.

*Henry A. Davis,* with him *Christopher Magee, Jr.,* for appellees.—Our position is, first, that a note being merely an evidence of indebtedness, a renewal of the debt some months after its maturity by taking notes for identically the same amount, with identically the same security, is as much a renewal or extension of the notes as if the new notes had been made the day of the maturity of the old.    Second, that if the court should not hold this view to be correct, but should hold the payment of an overdue note by the indorser to be a satisfaction and extinguishment of the debt, it will not affect our right to recover the amount because, if Aufderheide paid the $1,300 and the $2,500 notes after they became due, as the uncontradicted testimony shows he did, the event had then happened which gave him a right to sell the property; and having a right to sell it he had a right to retain the amount of all notes then extant and indorsed by him, as well as the amount of the ones paid by him, out of the proceeds of the sale, amounting admittedly to a larger sum than the $7,000 named in the deed, viz : to the sum of $8,800.

PER CURIAM, November 11, 1896 :                        •

An examination of the testimony in this case convinces us that the findings of fact and decree made by the learned court below are correct in every particular.    There was not only abundant testimony to support them but any other decree made on the testimony would have produced an unjust result.

Decree affirmed and appeal dismissed at the cost of the appellants.